IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| Jason Ellison, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   4:23-cv-6 |
| Harris & Harris, Ltd., an Illinois corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Jason Ellison, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

### PARTIES

3. Plaintiff, Jason Ellison ("Hudnall"), is a citizen of the State of Indiana, residing in the Northern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt that he allegedly owed for medical services to IU Health Arnett Clinic.

4. Defendant, Harris & Harris, Ltd. ("Harris"), is an Illinois corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses

1

the mails and/or the telephone, and/or credit reporting to collect, or attempt to collect, defaulted consumer debts. Harris operates a default debt collection business, and attempts to collect debts from consumers, including consumers in the State of Indiana.

5. Defendant Harris was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

6. Due to financial difficulties, Plaintiff was unable to pay his debts, including a debt he allegedly owed for medical services to IU Health Arnett Clinic. Defendant Harris attempted to collect this debt from him via negative credit reporting.

7. Unsure about Defendant Harris, and unsure about the debt, Mr. Ellison consulted with counsel about his debt issues and the debt that Harris was trying to collect.

8. Accordingly, Mr. Ellison's attorney wrote to Defendant Harris, via letters dated May 3, 2022, and May 5, 2022, to notify it that Mr. Ellison was represented by counsel, and that he disputed the debt that Harris was trying to collect. Copies of these letters are attached as Group Exhibit A.

9. These letters were sent via U.S. First Class Mail, postage pre-paid, to Defendant's correct mailing address and were not returned by the Post Office as undeliverable.

10. On July 5, 2022, Mr. Ellison obtained and reviewed copies of his TransUnion and Experian credit reports, which showed that Defendant Harris had continued to report the debt he allegedly owed to IU Health Arnett Clinic but had failed to note that the debt was disputed. The pertinent parts of Mr. Ellison's TransUnion and

2

Experian credit reports are attached as Group Exhibit B.

11. Defendant's violations of the FDCPA were material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit reports harmed his credit reputation, impaired his credit rating and his ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit reports, that the debt was disputed, made it appear to Plaintiff that he did not actually have the right to dispute the debt.

12. Furthermore, § 1692e(8) of the FDCPA's command, that a debt collector must communicate that disputed debts are disputed, is rooted in the common law principles of defamation/fraud, namely that, if a debt collector elects to communicate credit information about a consumer, it must not omit a material piece of information -- that the debts are disputed.

13. Defendant's collection actions alarmed, confused and emotionally distressed Mr. Ellison, and negatively impacted his credit score.

14. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

15. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False or Misleading Representations**

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692e of the FDCPA prohibits debt collectors from using any

false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("… the following conduct is a violation of this section … including the failure to communicate that a disputed debt is disputed …"); see also, Ewing v. Med-1 Solutions, 24 F.4th 1146, 1153-54 (7th Cir. 2022); Evans v. Portfolio Recovery Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

18. Defendant, by continuing to report the debt to the credit reporting agencies, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used false, deceptive or misleading means to collect or attempt to collect debts, in violation of § 1692e(8) of the FDCPA.

19. Defendant's violations of § 1692e(8) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

22. Defendant, by continuing to report the debt to the credit reporting

agencies, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used unfair or unconscionable means to collect, or attempt to collect a debt, in violation of § 1692f of the FDCPA.

23. Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Jason Ellison, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Ellison, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Jason Ellison, demands trial by jury.

Jason Ellison,

By: s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: January 12, 2023

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com